UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wendy Richter and Chris Hardy,

       Plaintiffs,

  v.

Federal National Mortgage Association,
Mortgage Electronic Registration System, Inc.,
Chase Home Finance LLC, Usset, Weingarden
and Liebo, PLLP, and all other persons,
unknown claiming any right, title, estate,
interest, or lien in the real estate described
in the complaint herein,

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-00475 ADM/JJG

_____

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Timothy M. Kelley, Esq., and Phillip J. Ashfield, Esq., Leonard Street and Deinard, PA, Minneapolis, MN, on behalf of Defendants Federal National Mortgage Association, Mortgage Electronic Registration System, and Chase Home Finance LLC.

Gerald G. Workinger, Jr., Esq., Usset, Weingarden & Liebo PLLP, Minneapolis, MN, on behalf of Defendant Usset, Weingarden and Liebo, PLLP.

_____

## I.  INTRODUCTION

The undersigned United States District Judge heard oral argument on Defendants Federal National Mortgage Association, Mortgage Electronic Registration System, Inc., Chase Home Finance LLC, and Usset, Weingarden and Liebo, PLLP's Motion to Dismiss Plaintiffs' Complaint [Docket No. 7] on May 6, 2012.  Plaintiffs Wendy Richter and Chris Hardy filed this action seeking a quiet title judgment and the resolution of other claims in connection with a foreclosure action on their home.  For the reasons stated herein, Defendants' motion is granted.

## II.  BACKGROUND

On April 19, 2007, Plaintiffs Wendy Richter and Chris Hardy became the owners of a house in Wright County, Minnesota (the "Property"), via a warranty deed.  Not. of Removal [Docket No. 1] Ex. B ("Complaint") ¶ 1.  To complete their purchase, Plaintiffs received a loan from Integrity Lending, Inc. ("Integrity").  Plaintiffs secured their loan by granting a mortgage on the Property in favor of Defendant Mortgage Electronic Registration System, Inc. ("MERS") as nominee for Integrity.  Id. at Ex. 1.

Although the timing is unclear from the record, at some point, Plaintiffs defaulted on their loan.  On or about March 24, 2011, MERS assigned its interest in Plaintiffs' mortgage to Defendant Chase Home Finance, LLC ("Chase Home Finance").  Id. at Ex. 2.  Brian Liebo, an attorney with Defendant Usset, Weingarden and Liebo, PLLP, ("Usset") executed the document as a vice president of MERS.  See id.  MERS had previously executed an agreement conferring signing authority and officer status to Liebo.  Weingarden Aff. [Docket No. 10] Ex. D.  The assignment of mortgage was recorded on March 25, 2011.  Compl. Ex. 2.

On the same day, Chase Home Finance initiated a foreclosure by filing a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("March POA") with Wright County.  Compl. Ex. 3.  Liebo executed the document as attorney-in-fact for Chase Home Finance.  Chase Home Finance had, several years before, executed a Limited Power of Attorney in favor of Usset, authorizing Usset to execute documents necessary for the foreclosure of loans.  This included, among other things, executing notices of pendency.  See Weingarden Aff. Ex. F.  The Limited Power of Attorney was recorded on November 12, 2008.  Id.

On or about May 18, 2011, Usset executed a second Notice of Pendency of Proceeding

and Power of Attorney to Foreclose Mortgage ("May POA"), and again recorded the document with the Wright County Recorder's Office.  Compl. Ex. 6.  On July 19, 2011, JPMorgan Chase Bank, N.A. ("Chase"), the successor to Chase Home Finance by merger, purchased the Property at a Sheriff's foreclosure sale.  Id. at Ex. 7.  On November 20, 2012, Chase conveyed the Property to Defendant Federal National Mortgage Association ("Fannie Mae").  Id. at Ex. 8.

Plaintiffs have previously filed a lawsuit in connection with the foreclosure of this Property.  On or about February 17, 2012, Plaintiffs joined a group of other property owners in filing suit against Chase, Chase Home Finance, MERS, MERSCORP, and Fannie Mae.  See Ashfield Decl. [Docket No. 11] Ex. A.  In that action, the plaintiffs alleged four claims against all of the defendants, for: (1) a quiet title judgment; (2) a declaratory judgment determining the "terms of the trust agreements" governing the trusts into which the plaintiffs alleged their mortgages were placed; (3) a declaratory judgment determining the rights of the parties with respect to the loans and mortgages at issue; and (4) slander of title.  Id.

The defendants in the prior lawsuit removed the action, originally filed in Ramsey County District Court, to federal court on March 7, 2012.  On August 23, 2012, Judge Doty granted the defendants' motion to dismiss the complaint with prejudice.  Novak v. JP Morgan Chase Bank, N.A., No. 12-589 (D. Minn. Aug. 23, 2012) (judgment entered on Aug. 24, 2012).

On or about February 12, 2013, Plaintiffs filed this action in Wright County District Court, which Defendants removed to federal court on February 27, 2013.  This second federal action of Plaintiffs was assigned to this Court.

### III.  DISCUSSION

#### A.  Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure (the "Rules") provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). Although the court may not consider matters outside the pleadings at this stage, "documents necessarily embraced by the complaint are not matters outside the pleading." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).

Rule 12, working in combination with Rule 8, requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Also, the plaintiff may not rest on "unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

#### B.  Failure to State a Claim

##### 1.  Quiet Title

For their first claim, Plaintiffs seek a judgment determining Defendants' adverse interests in the Property. Plaintiffs allege Liebo and his firm Usset did not have the legal authority to execute documents on behalf of MERS and Chase Home Finance, and that as a result,

Defendants' efforts to foreclose on the Property were invalid. See, e.g., Compl. ¶¶ 11, 13, 24-26, 29. Plaintiffs also allege Integrity originated Plaintiffs' mortgage for delivery to Fannie Mae, and that Fannie Mae acquired an unrecorded interest in the Property prior to Usset's initiation of the foreclosure by sale process. See id. at ¶¶15-21, 27. In support of this allegation, Plaintiffs allege Fannie Mae's Seller/Servicer Guides require a lender who intends to deliver a MERS-registered loan to Fannie Mae to assign an ownership interest to Fannie Mae. Id. at ¶¶ 18-19. Plaintiffs also specifically allege Defendants have the burden of proof in establishing their interests in the Property. Id. at ¶¶ 40-42.

Plaintiffs' quiet title claim must be dismissed. As an initial matter, the Eighth Circuit Court of Appeals rejected similarly-alleged quiet title claims in Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). There, the appellate court held that while Minnesota state pleading rules may set a lower threshold for alleging a quiet title claim, the state pleading rules were not the same as the state substantive rules for determining the success of a quiet title claim. Id. Thus, federal pleading rules—namely, Rules 8 and 12(b)(6)—properly applied to the quiet title claim. See id. The court held the plaintiffs in Karnatcheva had failed to offer anything beyond "labels and conclusions, based on speculation" in support of their quiet title claim, and the district court had properly dismissed it. Id.

In this case, Plaintiffs make similarly speculative, conclusory allegations in support of their quiet title claim. Plaintiffs allege Liebo and Usset lacked authority to execute various foreclosure documents on behalf of MERS and Chase Home Finance, but fail to offer anything beyond self-serving conclusions as to why this could plausibly be the case. Similarly, Plaintiffs make a cognitive leap between Integrity originating Plaintiffs' loan and Integrity assigning an

5

unrecorded interest in this loan to Fannie Mae. Plaintiffs have pled no specific facts indicating this assignment. See Cheng Lee v. Fed. Nat. Mortg. Ass'n, No. 13-180, 2013 WL 2631904, at *2 (D. Minn. June 12, 2013). Instead, Plaintiffs brush aside this critical gap in logic and focus on Fannie Mae's larger business practices. Simply quoting a Fannie Mae policy document does not plausibly establish how Fannie Mae obtained an unrecorded interest in the Property in this case. Plaintiffs' allegations do not rise above speculation.

Plaintiffs attempt to avoid this conclusion by arguing Karnatcheva was wrongly decided. Plaintiffs argue Minnesota quiet title actions place the burden of proof on defendants, and the pleading standards of the Rules impermissibly alter that balance. This argument simply recasts previously rejected arguments regarding the application of federal procedural rules to state quiet title claims. As the Eighth Circuit has repeatedly held in cases such as this one, "Minnesota's substantive quiet title law and the federal pleading standards may operate happily side-by-side." Vang v. PNC Mortg., Inc., No. 12-2501, 2013 WL 2228756, at *3 (8th Cir. May 22, 2013). Thus, where a plaintiff's allegations are based only on speculation and self-serving conclusions, the quiet title claim will not succeed. See, e.g., id.; Blaylock v. Wells Fargo Bank, N.A., 502 F. App'x 623-24 (8th Cir. 2013); Jerde v. JPMorgan Chase Bank, N.A., 502 F. App'x 616, 617 (8th Cir. 2013); Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013); and Iverson v. Wells Fargo Bank, N.A., 502 F. App'x 624, 625-26 (8th Cir. 2013). Plaintiffs have failed to state a claim at the motion to dismiss stage.

Finally, Defendants have introduced public, facially-valid documents demonstrating their authority to proceed with the foreclosure. See Weingarden Decl. Exs. D, F. Both parties have also introduced documents that appear to be validly recorded, and which document

Defendants' chain of title. See id. at Exs. A-C, E, G-I. These documents, embraced by the pleadings and publicly-available, further warrant dismissal because they demonstrate the unsupported nature of Plaintiffs' claims.

### 2. Declaratory Judgment

Plaintiffs also seek a declaratory judgment under Minn. Stat. § 555.02 voiding MERS' assignment of mortgage to Chase Home Finance, and also voiding the March and May POA's. Compl. ¶¶ 46-47. Similar to their quiet title claim, Plaintiffs again rely on the same lack-of-legal-title allegations for their declaratory judgment claim. Consequently, the declaratory judgment claim must fail for the same reasons. Plaintiffs rely on nothing more than speculative, self-serving conclusions about Usset's authority to execute documents in connection with foreclosure and about Fannie Mae's unrecorded interest in the Property. The speculative nature of these allegations, combined with facially-valid public documents demonstrating otherwise, warrants dismissal.

### 3. Deceit or Collusion

Plaintiffs also allege three claims specifically against Usset, the first of which is for violations of Minn. Stat. §§ 481.07 and 481.071. These sections allow a party to recover damages due to an attorney's intentional misrepresentations in a judicial proceeding. However, "it is long-settled that these sections do not provide a substantive cause of action but 'merely provide the penalty for a successful cause of action with respect to the offending attorney conduct.'" Forseth v. Bank of Am., N.A., No. 13-38, 2013 WL 2297036, at *7 (D. Minn. May 24, 2013) (quoting Beardmore v. Am. Summit Fin. Holdings, LLC, No. 01-948, 2001 WL 1586785, at *8 (D. Minn. Dec. 10, 2001)). Sections 481.07 and 481.071 do not apply unless

7

buttressed by a properly-pleaded claim of fraud. See id. Thus, Plaintiffs' claim for damages under §§ 481.07 and 481.071 cannot survive because in this case, Plaintiffs have not alleged fraud. See id. (citation omitted). In addition, Defendants persuasively argue that this claim functionally rephrases the "lack of authority" arguments discussed above. As a result, even if §§ 481.07 and 481.071 could support an independent cause of action, it would be dismissed in this case for relying on speculative assumptions.

### 4. Negligence Per Se

Plaintiffs next allege negligence per se against Usset. Plaintiffs claim Usset violated Minn. Stat. § 580.05 by proceeding with the foreclosure sale without first properly executing and recording the necessary assignments, notices, and powers of attorney, and for also failing to determine whether Chase Home Finance had the standing to foreclose. Compl. ¶¶ 59-62. In a negligence per se claim, a statutory standard of care replaces the ordinary reasonable person standard of care, "such that a violation of a statute . . . is conclusive evidence of duty and breach." Gradjelick v. Hance, 646 N.W.2d 225, 231 n.3 (Minn. 2002).

This claim also fails. An "attorney acting within the scope of his employment as an attorney is immune from liability to third persons for actions arising out of that professional relationship." Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834, 839 (D. Minn. 2012) (quoting McDonald v. Stewart, 182 N.W.2d 437, 440 (1970)), aff'd, 704 F.3d 545. Similarly, "attorneys are generally not liable to the client's adversary, absent evidence of an affirmative misrepresentation," and Plaintiffs have not alleged an affirmative misrepresentation in this case. See Karnatcheva, 871 F. Supp. 2d at 839 (citation omitted). Finally, there is no indication in the statutes or case law that violations of Minn. Stat. §§ 580.02 and 580.05 may

establish negligence per se. See McGlory v. CitiMortgage, Inc., No. 12-3145, 2013 WL 2934986, at *2-3 (D. Minn. June 14, 2013); Forseth, 2013 WL 2297036, at *7; and Pope v. Fed. Home Loan Mortg. Corp., No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013).

### 5. Slander of Title

Plaintiffs also allege a claim for slander of title against Usset. To succeed on a slander of title claim, a plaintiff must show that: (1) "there was a false statement concerning the real property owned by the plaintiff;" (2) "the statement was published to others;" (3) "the false statement was published maliciously;" and (4) "the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages." Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000). Here, Plaintiffs allege Usset drafted and recorded the assignments of mortgage and powers of attorney documents knowing they were false and further knowing Usset lacked authority to do so. Compl. ¶¶ 64-68.

As with the preceding claims, Plaintiffs' slander of title claim must also be dismissed. First, as noted above, it appears from the publicly-available documents that Defendants did, in fact, properly record the assignments of mortgage and the March and May POA's.

Second, Plaintiffs fail to plead that Usset acted with malice under the third element of the claim. See Dunbar, 709 F.3d at 1257-58. Instead, Plaintiffs allege Usset received "constructive notice" that Chase had engaged in "unsafe and unsound" foreclosure practices by virtue of Chase's entry into a Consent Order, which was accepted by the Comptroller of the Currency. Compl. ¶ 31, Ex. 9. This Consent Order addresses certain of Chase's practices, including: (1) having persons execute affidavits without proper knowledge; (2) failing to properly notarize documents; (3) commencing foreclosure proceedings "without always ensuring" proper

9

endorsement or assignation of mortgages; and (4) failing to properly oversee outside counsel. Compl. ¶ 31, Ex. 9. Plaintiffs do not allege the first two of these items occurred here, the Complaint and publicly-filed documents fail to support the third, and Plaintiffs make no specific allegations regarding the fourth. As a result, Plaintiffs have failed to demonstrate how even the potential knowledge of Chase's Consent Order caused Usset to act with malice.

Third, as discussed in section III.B.4, addressing neligence per se, because Plaintiffs have failed to allege that "Usset made any affirmative misrepresentation involving the foreclosure proceedings, Usset is immune from liability for actions it took with respect to the foreclosure proceedings." Karnatcheva, 871 F. Supp. 2d at 843.

**C. Claim Preclusion**

The doctrine of claim preclusion also requires dismissal of the Complaint. Claim preclusion, also known as res judicata, precludes a party from re-litigating claims that were or could have been raised in previous litigation. Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001). In determining whether claim preclusion bars a claim, the court considers whether: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." Minch Family LLP v. Buffalo-Red River Watershed Dist., 628 F.3d 960, 966 (8th Cir. 2010) (citing Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004) (edit in original)). Plaintiffs challenge the last three elements.

Regarding the second element, Plaintiffs argue that although most of the Defendants in this case were named in the prior case, Usset was not. However, Usset acted as an agent for at

least two of the defendants in the prior action, and Plaintiffs now pursue liability against Usset based on the same causes for which they sought liability against Usset's clients. Usset also had and continues to have aligned interests with the remaining defendants in these lawsuits. As such, Usset was sufficiently related to the first action to be considered in privity with Defendants. See Cnty of Boyd v. US Ecology, Inc., 48 F.3d 359, 361-62 (8th Cir. 1995).

Regarding the third element, Plaintiffs argue a dismissal with prejudice is not a judgment on the merits. But, numerous courts in this district have held the dismissal of a complaint with prejudice is a judgment on the merits.[1] See, e.g., Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 510 (8th Cir. 2012).

Finally, regarding the fourth element, Plaintiffs argue they were deprived of a "full and fair" opportunity to litigate because their previous complaint was held to Rule 8 and 12 pleading standards. The fourth element of claim preclusion is satisfied unless there were "significant procedural limitations in the prior proceedings," the party did not have the incentive to fully litigate, or "effective litigation was limited by the nature or relationship of the parties." State v. Joseph, 636 N.W.2d 322, 328 (Minn. 2001) (quotations omitted). In Plaintiffs' prior case, the Federal Rules of Civil Procedure were not "significant procedural limitations," nor was there any indication that the Rules, or indeed anything else, prevented Plaintiffs from arguing their case. In addition, state courts respect the preclusive effect of federal court decisions, and vice versa. See 18B Federal Practice & Procedure § 4468-69 (2d ed.). If Plaintiffs had reached a decision on the merits in state court, that decision would still have preclusive effect here.

---

[1] As this Court has previously held, Plaintiffs' cited decision, H. Christiansen & Sons v. City of Duluth, 31 N.W.2d 277 (Minn. 1948), does not support Plaintiffs' position. See DuBe v. Fed. Nat'l Mortg. Ass'n, No. 13-628, 2013 WL 1345514, at *3 (D. Minn. Apr. 2, 2013).

Because claim preclusion further warrants dismissal with prejudice in this case, it is not necessary to address issue preclusion.

**D.  Dismissal with Prejudice**

As a final matter, Plaintiffs argue that if the Court determines they have failed to state a claim, the Court should grant Defendants' motion to dismiss without prejudice.  A complaint filed under the comparatively more-lenient state pleading standards should not, Plaintiffs argue, be dismissed with prejudice under the more-demanding federal standards outlined above.

Plaintiffs will not be given leave to amend the Complaint.  Although leave to amend "shall be freely given when justice so requires," plaintiffs "do not have an absolute or automatic right to amend."  United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) (quoting Fed. R. Civ. P. 15).  For the second time, Plaintiffs have alleged claims with nothing beyond unsupported allegations and conclusions.  Thus, even under state pleading standards, dismissal with prejudice would be appropriate.  See, e.g., Bahr v. Capella Univ., 788 N.W.2d 76, 80 (Minn. 2010) (citing Twombly, 550 U.S. at 555)).  In addition, Plaintiffs have not indicated, in their memorandum or at oral argument, how amending the Complaint would cure its deficiencies.  See Fairview Health, 413 F.3d at 749-50.  For these reasons and the reasons discussed by Defendants in their memoranda, granting Plaintiffs leave to amend the Complaint would not serve the interests of justice.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 7] is **GRANTED**.  All claims in the Complaint [Docket No. 1-2] are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 25, 2013.